UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL SHANE SHUSTER,**

    **Petitioner,**

v.

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**Case No. 2:18-cv-211
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On November 2, 2018, Magistrate Judge Jolson issued an Order and Report and Recommendation denying Petitioner's requests for discovery and an evidentiary hearing, and recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 16. The Magistrate Judge twice granted Petitioner's requests for an extension of time for filing his objections, until December 28, 2018. ECF Nos. 18, 20. On January 2, 2019, however, Petitioner filed a third request for extension of time, seeking until January 18, 2019, to file his objections. On January 17, 2019, he filed a fourth request for extension of time, seeking until February 8, 2019, to file his objections. After that date, on February 14, 2019, Petitioner finally filed an Objection to the Magistrate Judge's Order and Report and Recommendation. ECF No. 23.

This Court now **GRANTS** Petitioner's third and fourth requests for an extension of time to file his objections, ECF Nos. 21, 22, and will consider the Objection filed through counsel now before the Court, so that Petitioner does not waive his right to appeal. However, the filings deadlines of the Court may not be so

liberally enforced in the future. Moreover, to the extent that Petitioner seeks to reserve his right to amend or supplement the objections, that request is **DENIED**.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection, ECF No. 23, is **OVERRULED**. The Order and Report and Recommendation, ECF No. 16, is **ADOPTED** and **AFFIRMED**. Petitioner's requests for discovery and an evidentiary hearing are **DENIED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas on charges of gross sexual imposition, sexual battery, and rape. He asserts that he was denied the effective assistance of counsel because his attorney failed to attach a notarized statement from the witness providing the basis for his motion for a new trial (claim one); that he was denied the effective assistance of counsel because his attorney failed to present expert medical testimony to contradict the State's witness, a nurse practitioner who bolstered the testimony of B.E. regarding findings from medical personnel from the physical, failed to investigate the psychological expert provided by Petitioner's family, failed to obtain services of an investigator to challenge the credibility of the alleged victim, and failed to supervise Mr. Zumbro, due to his lack of qualifications in the investigation (claim two); that he was denied a fair trial based on prosecutorial misconduct due to the prosecutor's reference to a non-existent confession during closing argument (claim three); and that he was denied due process when the trial court denied his motion

for a new trial (claim four). The Magistrate Judge recommended dismissal of claims one and two on the merits, claim three as procedurally defaulted, and claim four as waived and failing to provide a basis for relief. Petitioner objects to those recommendations.

Petitioner objects to the recommendation of dismissal of claims one and two, asserting the denial of the effective assistance of counsel, on the merits. He raises all of the same arguments he previously presented. He also objects to the recommendation of dismissal of claims three and four as procedurally defaulted. He argues that someone poisoned the jury pool with the idea that he had confessed to the crime, and that he therefore did not obtain a fair trial. He argues that this claim warrants relief despite his failure to raise the issue in the state appellate court or that his assertion of the alleged violation of state law only provides him relief, because it was so egregious as to deprive him of a fundamentally fair trial. Petitioner further contends that he preserved his claim of prosecutorial misconduct by raising it on direct appeal, or based on the state appellate court's plain error review.

The record does not support these arguments. The state appellate court did not review Petitioner's claim that the prosecutor improperly referred to Petitioner's non-existent confession during closing argument, because he did not raise the issue on direct appeal. Petitioner likewise did not raise any federal claim based on the submission of an affidavit from one of the jurors in the case indicating that they had heard that Petitioner had confessed to the crime in the state appellate court. He therefore has waived these issues for review in these proceedings. Further, and as

noted by the Magistrate Judge, the Sixth Circuit has held that "there is no 'constitutional impediment to enforcing Ohio's aliunde rule", *Hoffer v. Bradshaw*, 622 F.3d 487, 501 (6th Cir. 2010) (citations omitted), and the Supreme Court has upheld application of the Federal Rules of Evidence to prohibit use of a juror's testimony that another juror lied during *voir dire*. *See Gatliff v. Tibbals*, No. 1:14-cv-931, 2015 WL 8481565, at *16 (S.D. Ohio Dec. 10, 2015) (citing *Warger v. Shauers*, 135 S.Ct. 521 (2014)). Under these circumstances, this Court is not persuaded that the state court's denial of Petitioner's motion for a new trial constituted a due process violation.

For these reasons and for the reasons already detailed in the Magistrate Judge's Order and Report and Recommendation, Petitioner's Objection, ECF No. 23, is **OVERRULED**. The Order and Report and Recommendation, ECF No. 16, is **ADOPTED** and **AFFIRMED**. Petitioner's request for discovery and an evidentiary hearing are **DENIED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court. 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claims as waived or as failing to provide a basis for relief. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**